UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BOBBY LEE DICKERSON, JR., *et al.*,

                Plaintiffs,

    v.

BENCH, *et al.*,

                Defendants.

Case No. C15-1497-RAJ-MAT

REPORT AND RECOMMENDATION

INTRODUCTION AND SUMMARY CONCLUSION

This is a civil rights action brought pursuant to 42 U.S.C. § 1983.  Plaintiff Bobby Lee Dickerson, Jr. has been granted leave to proceed with this action *in forma pauperis*.[1]  Service has not been ordered.  This Court, having reviewed plaintiffs' original complaint, and two subsequent motions to amend filed by plaintiff Bobby Lee Dickerson, Jr., concludes that plaintiffs have failed to state a claim upon which relief may be granted.  This Court therefore recommends that plaintiffs' complaint and this action be dismissed, without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[1] This action was initiated by two individuals, Bobby Lee Dickerson, Jr. and Robby Lee Dickerson. However, only Bobby Lee Dickerson, Jr. submitted an application to proceed *in forma pauperis* and the claims asserted in plaintiffs' complaint relate only to harm allegedly suffered by Bobby Lee Dickerson, Jr.

REPORT AND RECOMMENDATION - 1

## BACKGROUND

On September 18, 2015, plaintiffs Bobby Lee Dickerson, Jr. and Robby Lee Dickerson submitted their original civil rights complaint to the Court for filing. (Dkt. 1.) Though plaintiffs' statement of their claim was somewhat difficult to understand, they appeared to allege that officials in the City of Federal Way had initiated a malicious prosecution against plaintiff Bobby Lee Dickerson, Jr. in Federal Way Municipal Court, and had authorized and executed a "botched" search warrant in relation to that prosecution. (*See* Dkt. 12 at 3-6.) Plaintiffs also appeared to allege that members of the Federal Way Police Department retaliated against plaintiff Bobby Lee Dickerson, Jr., falsely arrested him, and used excessive force against him while he was in police custody. (*Id.*)

Plaintiffs identified as defendants in their complaint the "Bench," Prosecutor WSBA # 38157, Judge David A. Larson, the WSBA, Geron Leroy Britt, Sr., Chellonda Lefay Falls, Marlease Alexandria Falls, All Peace Officers in the State of Washington, City of Renton Police Officer Michael Walker, City of Renton K9s, Federal Way Municipal Court, City of Federal Way Police Officer Travis Stevens, King County, S.C.O.R.E., the State of Washington, the City of Federal Way Fire Station, Domestic Violence Advocate Cathy W., and the City of Federal Way Prosecutor's Office. (*See id*. at 2-3.)

After reviewing the complaint, this Court concluded that plaintiffs had not adequately stated any claim upon which relief could be granted under § 1983. Thus, on October 30, 2015, the Court issued an Order declining to serve plaintiffs' complaint and granting them leave to file an amended complaint. (Dkt. 13.) Plaintiffs were advised therein that their original complaint was deficient because they appeared to be seeking this Court's intervention in the ongoing criminal proceedings of Bobby Lee Dickerson, Jr., but had not demonstrated that exceptional

REPORT AND RECOMMENDATION - 2

circumstances justified such intervention. (Dkt. 13 at 3.) Plaintiffs were further advised that a number of the defendants identified in their complaint were not subject to suit under § 1983, including judges, a prosecutor, three individuals who it appears are private citizens, and a number of departments of the City of Federal Way. (*Id*. at 3-4.) Finally, plaintiffs were advised that, as to the remaining defendants, they had failed to allege clear and sufficient facts demonstrating that any of those defendants had caused either plaintiff harm of federal constitutional dimension. (*Id*. at 4.) Plaintiffs were granted thirty days within which to file an amended complaint and were advised that their failure to do so would result in a recommendation that this action be dismissed. (*Id*. at 5.)

On December 2, 2015, plaintiff Bobby Lee Dickerson, Jr. submitted for filing two motions to amend his claims, but no amended complaint. (Dkts. 15 and 16.) While plaintiff sets forth his proposed amended claims in his motions to amend, the proposed amendments do not correct any of the deficiencies previously identified by the Court.[2]

## DISCUSSION

Rule 8(a) of the Federal Rules of Civil Procedure provides that in order for a pleading to state a claim for relief it must contain a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for the relief sought. The statement of the claim must be sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The factual allegations of a complaint must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*,

---

[2] The proposed amendments make no reference to plaintiff Robby Lee Dickerson.

REPORT AND RECOMMENDATION - 3

550 U.S. 544, 555 (2007). In addition, a complaint must allege facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show (1) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) that the violation was proximately caused by a person acting under color of state or federal law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A defendant cannot be held liable solely on the basis of supervisory responsibility or position. *Monell v. Department of Social Servs., of City of New York*, 436 U.S. 658, 691-694 (1978). Rather, a plaintiff must allege that a defendant's own conduct violated the plaintiff's civil rights. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385-90 (1989).

A local government unit or municipality can be sued as a "person" under § 1983. *Monell*, 436 U.S. at 691. However, a municipality cannot be held liable under § 1983 solely because it employs a tortfeasor. *Id*. A plaintiff seeking to impose liability on a municipality under § 1983 must identify a municipal "policy" or "custom" that caused his or her injury. *Bryan County Commissioners v. Brown*, 520 U.S. 397, 403 (1997) (citing *Monell* 436 U.S. at 694).

Plaintiffs were advised of the above standards in this Court's Order declining to serve their original complaint, they were advised of the reasons their pleading did not comport with these standards, and they were given an opportunity to file an amended pleading correcting specifically identified deficiencies. (*See* Dkt. 13.) However, plaintiffs have not submitted any amended pleading to the Court, and the documents which were apparently submitted in response to the Court's Order granting them leave to amend do not adequately state any claim upon which

REPORT AND RECOMMENDATION - 4

relief can be granted in an action brought under § 1983.  Accordingly, this action must be dismissed.

## CONCLUSION

Based on the foregoing, this Court recommends that plaintiffs' original complaint and this action be dismissed without prejudice, prior to service, under § 1915(e)(2)(B)(ii) for failure of plaintiff to state a claim upon which relief may be granted.  This Court further recommends that the motions of plaintiff Bobby Lee Dickerson, Jr. to amend his claims be denied as moot.  A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed.  Failure to file objections within the specified time may affect your right to appeal.  Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed.  Responses to objections may be filed within **fourteen (14) days** after service of objections.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on **January 15, 2016**.

DATED this 21st day of December 2015.

Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION - 5